[No. 8763. Department Two. August 5, 1910.]

C. A. BECK et al., Respondents, v. CHARLES BONO et al., Appellants.[1]

WATERS AND WATER COURSES—DIVERSION—INJUNCTION—PARTIES. In an action to enjoin the diversion of waters of a creek by a riparian owner and for damages, there is no defect of parties defendant because the plaintiff failed to join upper appropriators of the waters.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered September 3, 1909, in favor of the plaintiffs, in an action for an injunction and for damages, after a trial on the merits before the court without a jury. Affirmed.

*Brooks & Bartlett*, for appellants.

*Sharpstein & Sharpstein* and *Edward C. Mills*, for respondents.

[1]Reported in 110 Pac. 13.

PER CURIAM.—This was an action brought by the respondents, seeking to enjoin appellants from interfering with certain water rights claimed by the respondents, for the establishment of such rights, and for damages for the illegal use of the waters of certain streams in Walla Walla county. The riparian rights of the parties to the action were determined by the court, and judgment was decreed in favor of the plaintiffs (respondents) against the defendants (appellants) for damages in the sum of $400 and costs.

The appellant in commencing his argument says, this cause is characterized in its inception by the unwarranted deprivation, through the interposition of the court, of the rights of the defendants to the use of any of the water of the Yellowhawk creek on the Bono ten-acre tract, and of the use of the water from the Robinson ditch on any of their lands; and in its conclusion by an attempt to extort damages in an amount the existence of which is sought to be established rather by the enormity of the demand than by persuasion of the evidence. It was finally conceded by the plaintiffs, and granted by the court, that the defendants had a right to divert water from the Yellowhawk creek along the route of the iron pipe line across the plaintiffs' lands, and to a two-fifths interest in the Robinson ditch. As a result much of the vital part of the action has been eliminated, leaving subsidiary and minor questions for determination and settlement. So that the questions brought here on appeal are simply moot questions, or at least affect only the merits of the case in so far as they bear upon the question of damages.

Contentions were made under the complaint concerning the lack of defendants' riparian rights, which were abandoned at the trial, and from the examination of the voluminous testimony in the case we think the award was, to say the least, as favorable to the appellants as they deserved. The only contention that can affect appellants' rights, so far as the judgment for damages is concerned, is that there is a defect of parties, because it is alleged by the appellant that there were

appropriators of the waters of this creek above the land of the parties to this action. It is not necessary to make others parties to this action to determine whether the defendants should be enjoined from wrongfully diverting waters to the damage of plaintiffs; that is a question of proof. Under the allegations of the complaint they were entitled to the injunction, and we think the proof sustained the allegations.

From a careful examination of all the testimony in the case we are not inclined to disturb the findings of the court in reference to the amount of damages adjudged. The judgment is affirmed.